IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIAN DANIELS, #K91046,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 25-cv-00085-SMY |
| | ) |
| **SAMANTHA KELLERMAN,** | ) |
| **ZAKARY McCLANAHAN,** | ) |
| **TYSON BROWN, and** | ) |
| **RICK NEPP,** | ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darrian Daniels, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Western Illinois Correctional Center, filed this action under 42 U.S.C. § 1983 for alleged violations of his federally protected rights in *Daniels v. Brown, et al.*, No. 21-cv-00890-DWD (S.D. Ill. 2021) ("prior case"). Honorable David W. Dugan dismissed the prior case with prejudice as a sanction against Plaintiff for filing a forged shakedown slip. (Doc. 145, prior case). Plaintiff now brings claims against four individuals involved in the prior case for conspiring to present false evidence and testimony. (Doc. 1). The Complaint is subject to screening under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-9): Defendants conspired to present false testimony and exhibits in support of a motion for partial summary

1

judgment and a motion for sanctions in *Daniels v. Brown*, No. 21-cv-00890-DWD (S.D. Ill. 2021) ("prior action"). *Id*. at 3. Plaintiff brought the prior action pursuant to 42 U.S.C. § 1983 against Tyson Brown (former employee), C/O Hepp (worker), and other employees of Menard Correctional Center on August 5, 2021. He was allowed to proceed with four claims arising from Hepp and Brown's alleged use of excessive force against him during a cell shakedown that occurred on July 28, 2021. *Id*.

Defendants filed a motion for partial summary judgment, arguing that Brown and Hepp were not at work on the day of the cell shakedown on July 28, 2021 (Doc. 128, prior case). Plaintiff opposed the motion by filing an old shakedown slip showing that Brown and Hepp were working that day (Doc. 131, p. 9, prior case). He asserted that the old cell shakedown slip proved that Defendants intentionally fabricated four new shakedown slips filed in support of their partial motion for summary judgment. (Doc. 1, p. 5).

Defendants responded by filing a motion for sanctions against Plaintiff (Doc. 132, prior case) for filing a forged shakedown slip, and he also opposed this motion (Doc. 135, prior case). The matter was set for a hearing[1] (Doc. 140, prior case). At the hearing, Plaintiff claims Defendants "agreed on a course of conduct that violated the conspiracy statute." (Doc. 1, p. 5). They testified that prison records included only four cell shakedown slips for July 2021, none of which addressed the shakedown of Plaintiff's cell on July 28, 2021. *Id*. at 6. The Court found their testimony credible, concluded that Plaintiff forged the old shakedown slip, granted the motion for sanctions against Plaintiff, and dismissed the prior case with prejudice (Doc. 145, prior case).

---

[1] Plaintiff refers to this hearing as a "habeas corpus." (Doc. 1, pp. 3-4). This is likely because the Court issued a Writ of Habeas Corpus ad Testificandum for Darrian Daniels, K91046, in order to secure his presence and/or testimony at the hearing on the Motion for Sanctions. (*See* Docs. 132 and 140, prior case). There is no separate habeas petition pending.

Plaintiff challenged this decision in a Motion to Alter Judgment (Doc. 151, prior case) and Supplement (Doc. 152, prior case). However, the Court denied the motion (Doc. 154, prior case). Plaintiff now seeks declaratory and monetary relief against the defendants for conspiring to violate his federally protected rights in the prior case. (Doc. 1, p. 7).

## Discussion

The Complaint is Plaintiff's thinly veiled attempt to appeal one or more unfavorable decisions made in his prior case by Judge Dugan. However, Sections 1983 and 1985 do not provide him an avenue to relief. *See* 42 U.S.C. §§ 1983, 1985. The proper way to challenge a decision made by a federal district court judge is by filing a motion in the prior case or an appeal with the United States Court of Appeals for the Seventh Circuit. If he is still displeased with the outcome, Plaintiff may file a Petition for Writ of Certiorari in the United States Supreme Court.

Plaintiff already took these steps to challenge the dismissal of his prior case. Following entry of the Order Dismissing Case (Doc. 145) on August 12, 2024 and Judgment (Doc. 148) on August 13, 2024, Plaintiff filed a Motion to Alter Judgment (Doc. 151, prior case) on August 19, 2024. Judge Dugan denied the motion on August 22, 2024. (Doc. 153, prior case). Plaintiff then filed a Notice of Appeal on August 28, 2024 (Doc. 155, prior case), along with a Motion for Leave to Appeal *in forma pauperis* (IFP motion) on September 9, 2024 (Doc. 159, prior case). He identified the issue on appeal as the Court's decision to "grant[ ] the defendants['] motion for sanctions due to po[o]rly told lies." (Doc. 159, p. 1, prior case). The Court denied the IFP motion, after finding that the appeal was taken in bad faith because ample evidence of his forgery was presented and included in the record. (Doc. 162, prior case). The Seventh Circuit Court of Appeals ordered Plaintiff to pay the required fee of $605.00 by November 6, 2024, if he wished to proceed with the appeal. Plaintiff failed to make payment, and the appeal was dismissed pursuant to Circuit

Rule 3(b) on December 27, 2024.  (Doc. 165-1, prior case).

Plaintiff commenced this separate action on January 23, 2025, seeking to upend decisions already made by one or more other federal judges, which he cannot do.  Plaintiff has reached a dead end; this case will be dismissed with prejudice.

## Disposition

Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice** for failure to state a claim for relief.  Leave to amend need not be granted when further amendment would be futile.  *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011).  "[F]utile repleadings include restating the same facts using different language, *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983), reasserting claims previously determined, *id.*, failing to state a valid theory of liability, *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979), and the inability to survive a motion to dismiss, *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985)."  *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).  Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  April 29, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**